IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CLAUDIA OCORO, ISRAEL ROSALES, DIANA ALVARADO HARRIS, CYNTHIA WOODS JONES, GALE JONES, et al.<br><br>Plaintiffs,<br><br>v.<br><br>ARMANDO MONTELONGO, JR., REAL ESTATE TRAINING INTERNATIONAL, LLC, PERFORMANCE ADVANTAGE GROUP, INC., and LICENSE BRANDING, LLC,<br><br>Defendants. | Case No. 5:16-cv-01278-RCL |

**PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

**I.     INTRODUCTION**

Defendants' response to Plaintiffs' motion for leave to file a first amended complaint is premised on three grounds: (1) Defendants assume that their Rule 12(b)(6) motion to dismiss the operative complaint will be granted and Plaintiffs' motion is being brought in order to avoid a ruling on Defendants' motion to dismiss; (2) Defendants are free to select any arbitrator they wish even though they specifically named the AAA as the arbitrator for any disputes that arise under their contract of adhesion; and (3) they would be prejudiced by the addition of 114 plaintiffs who have not previously asserted their claims even though this action is still in its early stages and the court has yet to issue a scheduling order.

None of these is grounds for denying this motion.  This court has yet to rule on Defendants' Rule 12(b)(6) and Rule 12(b)(1) motions and, as a procedural matter, Defendants have not lost their right to a ruling on either motion.  To the extent that their opposition to this motion is based on certain plaintiffs being subject to an arbitration clause, Defendants have made it clear that they are not interested in arbitrating these claims before the arbitrator that they themselves selected.  Finally, the new plaintiffs who have not brought any previous claims and who are not subject to an arbitration clause have every right to bring their claims in this court.  Because their claims raise common issues of law and fact, the principle of judicial economy favors allowing them to join this action at this early stage rather than forcing them to bring a separate, parallel action.

**II.    PLAINTIFFS' MOTION IS NOT PROCEDURALLY BARRED**

Rule 15(a)(2) specifically allows a party to amend with the court's leave and further provides that "[t]he court should freely give leave when justice so requires." Defendants have not cited any authority to support their proposition that Plaintiffs' motion for leave to amend is procedurally improper.

Although Defendants believe that Plaintiffs' operative pleading and proposed amended pleading are both defective and have made a motion to dismiss on those grounds, Plaintiffs disagree and the court has yet to rule on Defendants' Rule 12(b)(6) motion.  Thus, Defendants' contention that Plaintiffs' request to amend fails to comply with either the letter or spirit of Rule 15(a) is without merit.

Finally, Plaintiffs' motion is not duplicative.  Plaintiffs have not previously moved the court for leave to amend—they have only asked the court to grant leave to amend in the event that Defendants' Rule 12(b)(6) motion is granted, and such leave is typically granted.  *See Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014).

## III.   PLAINTIFFS' MOTION IS NOT FUTILE

### A.   Claims of the 27 Proposed New Plaintiffs Who Previously Dismissed Their Claims in Order to Arbitrate Should Not Be Barred Under Rule 41(a)(1)(B)

Defendants contend that the proposed amended complaint includes the claims of 27 plaintiffs who have voluntarily dismissed their claims twice via notice of dismissal.  The reason for the second notice of dismissal was that these plaintiffs sought to pursue their claims in arbitration with the AAA, pursuant to the terms of their agreements with Defendants.  ECF 17.  As explained in Plaintiffs' motion for leave to amend, however, when the time came to arbitrate the claims of Susan and Mike Crabtree, Defendants refused to comply with the rules of the AAA, the arbitrator that Defendants chose to specify in the purchase agreements with their Students.  ECF 24 at 4.  Indeed, it is evident from their response to this motion that Defendants do not intend to arbitrate *any* of their students' claims before the AAA.  ECF 25 at 7-11.

The plaintiffs who dismissed their claims in good faith in order to arbitrate should not now be barred from bringing their claims following Defendants' refusal to arbitrate before the arbitrator that Defendants themselves selected.  If the court finds that Rule 41(a)(1)(B) would bar these plaintiffs from being added to an amended complaint, the court should vacate their notices of dismissal or otherwise reinstate their

2

claims pursuant to Rule 60(b)(6), which permits vacatur for "any other reason that justifies relief."

In *Yesh Music v. Lakewood Church*, 727 F.3d 356 (5th Cir. 2013), the plaintiff voluntarily dismissed its New York suit after the parties reached an agreement in open court, on the record, that the action would be reinstated in Texas. However, because the plaintiff had previously filed a notice of dismissal, the second dismissal acted as an adjudication on the merits under Rule 41(a)(1)(B). Recognizing "that it would have been unfair to permit [the defendant] to agree to reinstatement of the case in Texas, and then allow it to renege on its agreement because of the procedural path taken," the district court vacated the voluntary dismissal pursuant to Rule 60(b)(6), and its decision to do so was upheld by the Fifth Circuit. *Yesh Music*, 727 F.3d at 363. The situation in *Yesh Music* is analogous to the instant case in that the 27 plaintiffs who voluntarily filed a second notice dismissal did so only after Defendants moved to compel arbitration with the AAA pursuant to the terms of the purchase agreement. Now that Defendants have made it clear that they do not actually intend to arbitrate any claims, it would be unfair to bar these plaintiffs from bringing their claims in this court.

### B. Defendants' Refusal to Arbitrate in the Forum They Chose Waived Their Right to Arbitration

Defendants contend that the proposed amended complaint would be futile as to all plaintiffs who signed arbitration agreements, because these plaintiffs remain obligated to arbitrate their claims despite Defendants' refusal to abide by the rules of their chosen arbitrator, the AAA, which led the AAA to decline to administer the claims brought by Susan and Mike Crabtree.

Defendants have waived their right to insist on arbitration. In their adhesion contract, they selected an arbitral forum (the AAA) and a set of rules (the AAA's Consumer Arbitration Rules). However, Defendants also included provisions in their agreement which conflict with the AAA's rules. Because Defendants refuse to waive

those conflicting provisions, the AAA has declined to administer the Crabtrees' claims and future claims involving Defendants. ECF 24 at 4-6. Having refused to abide by the rules they selected, as interpreted by the arbitral form they selected, Defendants now take the untenable position that they are entitled to select a new arbitrator. They are not.

In support of their position, Defendants cite *Jackson v. Diversicare Humble, LLC*, 2017 WL 1169681, *6-7 (S.D. Tex. Mar. 28, 2017), a case in which the arbitration organization that the parties had selected, the National Arbitration Forum ("NAF"), was no longer available. In that case, the court found that the provision regarding selection of the NAF as the arbitration forum was not essential because of a severance clause which provided that the arbitration agreement would not fail if "any part, clause or provision hereof is held to be indefinite, invalid, or unenforceable." *Jackson* is distinguishable, and its reasoning does not apply to this case for several reasons.

First, and most importantly, unlike the NAF in *Jackson*, the AAA is available to arbitrate disputes between Defendants and their students—Defendants just refuse to comply with the AAA rules.

Second, the severance clause in Defendants' agreement only applies to provisions not in compliance with the law. ECF 24-1 at 29. But nothing about the arbitration provision or the selection of the AAA as the arbitration forum is illegal, so the severance clause does not apply to these contract provisions.

Finally, the court in *Jackson* recognized that the agreement at issue there provided an alternative method for choosing an arbitrator, which was a key factor in its decision. *See Jackson*, 2017 WL 1169681 at *3 ("Finally, and perhaps most important, the provision naming the NAF provides an alternative method for choosing an arbitrator. [note] The alternative process for choosing an arbitrator evidences the parties' intent that the selected forum and procedures are not essential to the Agreement.") No such provision exists in the purchase agreements at issue here.

4

Plaintiffs agree that federal policy favors arbitration, which is why the plaintiffs who are subject to arbitration agreements were willing to submit to arbitration before the Defendants' chosen arbitrator, the AAA.  Defendants, however, seek to unilaterally change the arbitration provision that they drafted and foisted onto their students simply because they no longer wish to arbitrate with the arbitrator that they themselves selected.  Because Defendants are unwilling to comply with their own arbitration provision and arbitrate before the AAA, they have waived their contractual right to insist on arbitration, and all Plaintiffs should be allowed to bring their claims before this court.

### C. The Claims of the New Plaintiffs Are Not Defective

Defendants argue that Plaintiffs' claims in the proposed amended complaint suffer from the same pleading defects as the operative complaint and would not survive a Rule 12(b)(6) motion to dismiss.  To that end, Defendants have incorporated the points and authorities submitted in support of the Rule 12(b)(6) motion to dismiss.  In response, Plaintiffs hereby incorporate the points and authorities set forth in their opposition to that motion.  ECF 19.

Defendants also contend that Plaintiffs must satisfy the requirements of Rule 20(a), which specifically addresses permissive joinder of parties, and that they have failed to do so.  However, the claims brought by the new Plaintiffs are nearly identical to the claims brought by the current Plaintiffs, and they arise out of the same alleged scheme and involve contracts with similar language, meaning that they raise common questions of law and fact.  Rule 20(a)(1)(B) specifically allows that persons may join in one action as plaintiffs if *any* question of law or fact common to all plaintiffs will arise in the action.  Moreover, "[u]nder the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs*,

383 U.S. 715, 724 (1966). Pursuant to Rule 20(a), the new plaintiffs should be allowed to join this action.

## IV. PLAINTIFFS' MOTION IS NEITHER UNDULY DELAYED NOR DILATORY

Defendants claim that Plaintiffs' proposed amendment is unduly delayed and dilatory as to the 114 proposed new plaintiffs who have not previously asserted claims and who are not subject to any arbitration provision. However, they have not explained how they would be prejudiced by the addition of these new plaintiffs other than the contention that they would lose the value of their efforts made to bring their Rule 12(b)(6) motion. As explained more fully below, their concerns are unfounded.

Furthermore, if Plaintiffs are not allowed to amend their complaint in order to add the 114 new plaintiffs, nothing bars these individuals from bringing a separate lawsuit which would likely be consolidated or joined with the instant lawsuit because the claims raise common questions of law and fact. Therefore, the principle of judicial economy favors granting Plaintiffs leave to file their proposed amended complaint to join these new plaintiffs.

## V. DEFENDANTS ARE NOT PREJUDICED BY THE AMENDMENT BECAUSE THE COURT CAN STILL RULE ON THE RULE 12(B)(6) MOTION AND RULE 12(B)(1) MOTION

Defendants contend that Plaintiffs' motion for leave to amend would moot Defendants' pending Rule 12(b)(6) motion, prejudicing them. ECF 25 at 13-14. This notion is mistaken, and denying the motion to amend on the basis of the pending Rule 12 motion would be unnecessary and cumbersome.

The Rule 12(b)(6) motion is not affected in any way by the motion to amend. The amended pleading does not add any new factual allegations (save for the additional plaintiffs) or any new claims. Therefore, the court can issue a ruling on Defendants' Rule 12(b)(6) motion to dismiss even after permitting amendment. If the court grants Defendants' motion, then the claims of the additional plaintiffs will be resolved in

6

Defendants' favor. If the court denies Defendants' motion, then this matter can proceed to discovery on *all* Plaintiffs' claims. By contrast, if the new plaintiffs are not joined to this action, then a ruling granting the 12(b)(6) motion would not bind them, they would be free to bring a new action, and Defendants would be forced to move again (and the court would again be forced to rule on that motion). Now that Defendants have waived their right to arbitration, judicial efficiency counsels resolving all Plaintiffs' claims once, in a single action.

Similarly, because Defendants' Rule 12(b)(1) motion to compel arbitration is still pending, this motion does not moot that one or prejudice Defendants. If the court finds that the plaintiffs who signed an arbitration clause are required to arbitrate their claims with the AAA despite Defendants' waiver, the court could then grant Defendants' motion to compel, and issue a ruling on this motion for leave to amend that is consistent with that finding. (Not all plaintiffs signed arbitration agreements, so this action would still continue.) Conversely, if the Rule 12(b)(1) motion is denied, the court could decide whether other grounds exist for denying leave to amend.

## VI.   NO GROUNDS EXIST FOR AN AWARD OF COSTS TO DEFENDANTS

Finally, no basis exists for awarding costs in the form of attorneys' fees to Defendants as a condition of granting leave to amend. Defendants' request for costs is based on their contention that their Rule 12(b)(6) motion would be mooted if this court grants Plaintiffs leave to amend. However, as explained above, the court can rule on Defendants' Rule 12(b)(6) motion despite this motion to amend. Moreover, Defendants cite no authority justifying an imposition of costs due to an amendment which adds only parties, not new allegations or legal theories, before any scheduling conference has been held or the court has ruled on any of the several motions that have been filed in this case.

## VII.  CONCLUSION

For all of the foregoing reasons, as well as the reasons set forth in their motion for leave to amend, Plaintiffs respectfully request that the court grant them leave to file their proposed first amended complaint.

Dated: October 17, 2017            Respectfully submitted,


By:   s/ Peter Roldan
                Peter Roldan

SERNA & ASSOCIATES PLLC
Enrique G. Serna (State Bar No. 00178617)
20985 IH 10 West
San Antonio, Texas 78257
Phone: (210) 228-0095
Fax: (210) 228-0839
enrique@serna-associates.com

EMERGENT LLP
Christopher Wimmer (*pro hac vice*)
Peter Roldan (*pro hac vice*)
Jason Fisher (*pro hac vice*)
535 Mission St., 14th Floor
Phone: (415) 894-9284
Fax: (415) 276-8929
chris@emergent.law
peter@emergent.law
jason@emergent.law

Attorneys for Plaintiffs CLAUDIA OCORO,
ISRAEL ROSALES, DIANA ALVARADO HARRIS,
CYNTHIA WOODS JONES, GALE JONES, et al.

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record listed below, who are deemed to have consented to electronic service, are being served this 17th day of October, 2017 with a copy of this document via the court's CM/ECF system per Local Rule CV-5.

Jeffrey D. Cawdrey
Kimberly D. Howatt
Gordon & Rees, LLP
101 W. Broadway, Suite 2000
San Diego, California 92101
(619) 696-6700 (Telephone)
(619) 696-7124 (Facsimile)
jcawdrey@gordonrees.com
khowatt@gordonrees.com

*Attorneys for Defendants Armando Montelongo, Jr., Real Estate Training International, LLC, Performance Advantage Group, Inc., and License Branding, LLC*

/x/ Peter Roldan

Peter Roldan