FILED

APR 1 9 2018

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | |
|---|---|
| CLAUDIA OCORO, ISRAEL ROSALES, DIANA ALVARADO HARRIS, CYNTHIA WOODS JONES, GALE JONES, et al. <br><br> Plaintiffs, <br><br> v. <br><br> ARMANDO MONTELONGO JR., REAL ESTATE TRAINING INTERNATIONAL, LLC, PERFORMANCE ADVANTAGE GROUP, INC., LICENSE BRANDING, LLC. <br><br> Defendants. | Civil Case No. 5:16-CV-01278 (RCL) |

## MEMORANDUM OPINION: DENYING DEFENDANTS' MOTION FOR COSTS AND STAY

### I.     Introduction

Before the Court are defendants' Opposed Motion for Award of Costs Pursuant to Rule 41 and Request to Stay [ECF No. 9], the response [ECF No. 15], and the reply [ECF No. 16]. Having considered the 41(d) motion, response, reply, and the applicable law, the Court **DENIES** defendants' motion for award of costs and a stay.

### II.     Background

This case concerns allegations brought by the plaintiffs for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), negligence, and negligent misrepresentation in connection with the real estate education program of Armando Montelongo Jr.; Real Estate Training International, LLC; Performance Advantage Group, Inc.; and License Branding, LLC

("defendants"). Plaintiffs are all current or former students of defendants' real estate education programs.

On March 3, 2017, defendants filed a motion for an award of costs, including attorney's fees, and a stay of the pending action until such costs were paid, pursuant to Rule 41(d). [ECF No. 9]. Defendants allege that the majority of the plaintiffs in the present case, "through the same counsel of record, asserted the same claims as those in the Complaint herein, against the same defendants, in the previously-filed and now-dismissed case entitled *Skurkis, et al. v. Montelongo, et al.* in the U.S. District Court of the Northern District of California." [ECF No. 9 at 1]

The *Skurkis* case was brought on February 26, 2016, by 166 plaintiffs against the same four defendants in this case for civil RICO violations based on defendants' real estate education programs. One hundred twenty-four (124) of the plaintiffs in the *Skurkis* case are now plaintiffs in this case. In response to the original complaint filed in the *Skurkis* case, defendants filed a motion to dismiss pursuant to Rule 12(b)(2) and (b)(3), based on the lack of personal jurisdiction and improper venue, or alternatively to transfer venue to the Western District of Texas. Plaintiffs filed a response brief providing notice of their intent to file an amended complaint. Accordingly, defendants filed a second motion to dismiss pursuant to Rule 12(b)(2) and (b)(3), again based on the lack of personal jurisdiction and improper venue, or alternatively to transfer venue to the Western District of Texas.

Defendants claim that plaintiffs made a tactical decision to file in California given that they were aware that defendants were located in Texas and only 35 plaintiffs lived in California. However, plaintiffs argue that they did not engage in forum shopping because 118 of the 166 plaintiffs had a connection to California. The presiding judge in the *Skurkis* case, the Honorable Yvonne Gonzalez Rogers, subsequently granted defendants' motion to dismiss for lack of

jurisdiction because plaintiffs failed to make a *prima facie* showing of jurisdiction. However, Judge Gonzalez Rogers granted leave to amend for the plaintiffs to establish that they either (1) resided in California when the RICO claims arose, (2) attended an event in California that gave rise to their claims, or (3) could otherwise establish that their claims arose from defendants' contact with California.

Plaintiffs chose not to amend their pleadings and on September 30, 2016, filed a voluntary dismissal pursuant to Rule 41(a). Several months later this case was filed by 138 plaintiffs, 124 of whom were plaintiffs in the *Skurkis* action. This case is based on similar factual allegations and includes claims of negligence and negligent misrepresentation in addition to the claims of RICO violations that were brought in the *Skurkis* case. Defendants assert that they should be awarded costs and attorney's fees related to the *Skurkis* motions to dismiss in the amount of $95,889.23.

## III. Rule 41(d)

Under Rule 41(d), "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court . . . may order the plaintiff to pay all or part of the costs of that previous action." Federal Rule of Civil Procedure 41(d). "The award of costs under Rule 41(d) is at the court's discretion." *Walkaway Canada Inc. v. You Walk Away, LLC*, 2011 U.S. Dist. LEXIS 65053 (N.D. Tex. 2011). When deciding whether to impose costs, the Court may consider whether the plaintiff acted in good faith, but a showing of bad faith is not required for the Court to impose costs. *See ATEN Int'l Co., Ltd v. Emine Tech. Co.*, 261 F.R.D. 112, 122 (E.D. Tex. 2009).

The defendants argue that they may also recover their attorney's fees incurred in the California action under Rule 41(d). In the Fifth Circuit, attorney's "[f]ee awards are permitted under Rule 41(d) only if the underlying statute defines 'costs' to include fees." *Portillo v.*

*Cunningham*, 872 F.3d 728, 739 (5th Cir. 2017). But while RICO allows prevailing plaintiffs to recover both costs and attorney's fees, 18 U.S.C. § 1964(c), RICO does not actually define "costs" to include attorney's fees. Therefore, the defendants may not, as a matter of law, recover attorney's fees under Rule 41(d) in this case.[1]

## IV. Analysis

Under Rule 41(d), "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court . . . may order the plaintiff to pay all or part of the costs of that previous action." The decision to impose costs is within the discretion of the trial court. Evidence of bad faith is not required to impose costs but can be instructive to the Court's decision.

Here, the *Skurkis* case was initiated against defendants in the Northern District of California. The case was ultimately dismissed for lack of jurisdiction, but Judge Gonzalez Rogers granted leave to amend for the plaintiffs that could establish jurisdiction in California. Plaintiffs voluntarily dismissed their case and several months later the present case was filed against defendants by 138 plaintiffs, 124 of whom were plaintiffs in the *Skurkis* case. Defendants argue that the Court should award to defendants their costs, including attorney's fees, given that plaintiffs' decisions in the *Skurkis* case "show an absence of or disregard for good faith." [ECF No. 9 at 16].

Plaintiffs assert that their decision to file in California was a reasonable one based on their and defendants' contacts with that state. Plaintiffs' amended complaint in the *Skurkis* case discussed how defendants "actively targeted California with mail, radio, television, email, and

---

[1] Even were this not the case, the Court would deny attorney's fees to the defendants because, as the Court will explain below, there is no indication that the plaintiffs acted in bad faith when they first filed and later voluntarily dismissed their California lawsuit.

4

internet advertising, and offered online registration for free events up and down the state. As a result, of 163 students, 118 had connections to California: 35 were residents, and another 83 had traveled from other states to attend Montelongo events in the state." [ECF No. 15 at 5]. Plaintiffs also assert that their decision to dismiss the *Skurkis* complaint entirely and refile in this district was to "preserve the courts' and parties' judicial resources by keeping all claims in front of a single court." [ECF No. 15 at 6].

Accordingly, the Court finds that plaintiffs' voluntary dismissal of the California action was not carried out in bad faith and was in the interest of judicial economy. These factors are not dispositive but are instructive to the Court's determination of whether or not it will award costs. While California may not have been the best choice of forum, plaintiffs had a reasonable explanation for their decision to file the *Skurkis* case in that forum. Because plaintiffs' voluntary dismissal of the California action was not in bad faith and was in the interest of judicial economy, the Court declines to exercise its discretion to impose costs under Rule 41(d). Accordingly, defendants' motion for costs is denied and the Court does not find it necessary to stay the proceedings.

## V.     Conclusion

For the reasons stated above, the Court **DENIES** defendants' motion for award of costs and a stay.

A separate order accompanies this memorandum opinion.

Royce C. Lamberth
United States District Judge

DATE: April __19__, 2018

5