**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| CLAUDIA OCORO, ISRAEL ROSALES, DIANA ALVARADO HARRIS, CYNTHIA WOODS JONES, GALE JONES, et al.<br><br>Plaintiffs,<br><br>v.<br><br>ARMANDO MONTELONGO, JR., REAL ESTATE TRAINING INTERNATIONAL, LLC, PERFORMANCE ADVANTAGE GROUP, INC., and LICENSE BRANDING, LLC,<br><br>Defendants. | §§§§§§§§§§§§§§§§§§ Case No. 5:16-cv-01278-RCL |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
FOR MORE DEFINITE STATEMENT (Fed. R. Civ. P. 12(e))**

Plaintiffs hereby oppose the motion of Defendants Armando Montelongo, Jr., Real Estate Training International, LLC, Performance Advantage Group, Inc., and License Branding, LLC (collectively "Defendants") for a more definite statement under Rule (12)(e) in the alternative to the relief requested in their Motion to Dismiss Plaintiffs' First Amended Complaint (Fed. R. Civ. P. 12(b)(6)).

## I.   INTRODUCTION

Defendants' motion should be denied, because Plaintiffs' detailed allegations in their First Amended Complaint are intelligible and give Defendants ample notice of the basis of Plaintiffs' claims.

Before filing this suit in the Western District of Texas on December 20, 2016, many of the individuals included as Plaintiffs here—124 of 138—brought a similar action against the same Defendants in the Northern District of California entitled *Skurkis, et al. v. Montelongo, et al.* ECF 1 & 41 at 2.  In the *Skurkis* case, Defendants moved to dismiss based on lack of personal jurisdiction and improper venue, or alternatively to transfer venue to the Western District of Texas.  ECF 41 at 2.  The *Skurkis* court granted Defendants' motion for lack of jurisdiction but afforded the plaintiffs leave to amend.  *Id.* at 2-3.  Rather than amend their complaint to establish jurisdiction, the plaintiffs voluntarily dismissed their action on September 30, 2016.  *Id.* at 3.  Plaintiffs then initiated this case.  ECF 1.

On March 23 and April 3, 2018, the court granted Plaintiffs' motion to amend their complaint to add 192 new plaintiffs, bringing the number of plaintiffs in this matter to 330.  ECF 33-34 & 36.  As a result, Plaintiffs' First Amended Complaint, ECF 37, is now the operative complaint, and it is that pleading Defendants move to dismiss, or alternatively to obtain a more definite statement of, ECF 39 & 40.  Contrary to statements made in Defendants' Rule 12(e) motion, this complaint does indeed demonstrate the court's jurisdiction.  ECF 37 at ¶¶ 4-5.

1

Because Defendants' Motion for More Definite Statement is nondispositive, and therefore the time for responding is 7 days, it has been addressed earlier than the concurrently filed motion to dismiss, which is a dispositive motion and thus subject to a 14-day response period.  Local Rule CV-7(e)(2).  Plaintiffs' opposition to Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (Fed. R. Civ. P. 12(b)(6)) will be submitted in the coming days.

## II.   ARGUMENT

There is no basis here for ordering Plaintiffs to provide a more definite statement under Rule 12(e), and there is certainly none for mandating they present a RICO case statement of the type Defendants identify in their motion.

### A.  Legal Standards

Rule 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding.").  Motions brought pursuant to Rule 12(e), however, are disfavored, *see, e.g.*, *Valdez v. Celerity Logistics, Inc.*, 999 F. Supp. 2d 936, 946 (N.D. Tex. 2014), *Teter v. C.R. Bard, Inc.*, No. 11-cv-00987, 2013 WL 150336, at *2 (W.D. Tex. Jan. 14, 2013), and infrequently granted, *see, e.g.*, *Alford v. Anadarko E&P Onshore LLC*, No. 13-5457, 2014 WL 1612454, at *3 (E.D. Lou. Apr. 22, 2014) (quoting 5C Charles Allen Wright, et al., *Federal Practice and Procedure* § 1377 (3d ed. 2010)).

Rule 12(e)'s scope is very limited.  The Rule applies only when the challenged pleading is one to which a response is allowed or required and is unintelligible or so devoid of facts that a response cannot be prepared.  *See Tatum v. Allied Prop. & Cas. Ins. Co.*, No. 11-CA-00176, 2011 WL 13234899, at *1 (W.D. Tex. Aug. 2, 2011); *see also*

2

*Teter*, 2013 WL 150336 at *2 ("[Rule 12(e) motions are] to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail."); *Shallal v. Gates*, 252 F.R.D. 2, at *6-7 (D.D.C. 2008) (Lamberth, J.) ("[A] Rule 12(e) motion should not be granted for 'mere lack of detail,' but rather for 'unintelligibility.'"). Consequently, the instances in which Rule 12(e) motions are appropriate are few. *See* 5C Charles Allen Wright, et al., *Federal Practice and Procedure* § 1376 (3d ed. 2010). "[T]he pleading must be sufficient to survive a Rule 12(b)(6) motion to dismiss [but] also [] so vague or ambiguous that the opposing party cannot respond to it, even with a simple denial as permitted by Rule 8(b). . . ." *Id.* Accordingly, if the party moving for a more definite statement "is able to discharge her pleading obligations under the rules, a Rule 12(e) motion based on the belief that a better [complaint] will enable her to provide a more enlightening or accurate response will be denied." *Id.* at § 1377.

The availability of discovery also limits Rule 12(e). "Courts are reluctant to compel a more definite statement pursuant to Rule 12(e) and to prevent Rule 12(e) from becoming a substitute for discovery, courts will generally deny a motion for a more definite statement where the information sought may be obtained in discovery." *Cheeks v. Fort Meyer Constr. Corp.*, 71 F. Supp. 3d 163, 168 (D.D.C. 2014) (Lamberth, J.) (internal quotation marks and alterations omitted); *see also Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959); *Valdez*, 999 F. Supp. 2d at 946. Moreover, courts will not allow Rule 12(e) to be used to tie the pleader down to a particular legal theory of the case, as the federal rules do not require the claimant to settle upon a theory of his case at the pleading stage. *See* 5C Charles Allen Wright, et al., *Federal Practice and Procedure* § 1377 (3d ed. 2010).

RICO claims based on fraudulent activity must be pleaded in accordance with Rule 9(b)'s heightened standards. *See Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). Rule 9(b) mandates that, in alleging fraud, a party state the circumstances constituting fraud with particularity. *See* Fed. R. Civ. P. 9(b). The Rule's

3

requirements are "analogous to the first paragraph of a newspaper story"—that is, the claimant must identify "the who, what, when, where, and how" of the alleged fraud. *Lindsey v. Dyncorp Int'l. LLC*, No. 09-0700, 2009 WL 1704253, at *2 (S.D. Tex. June 17, 2009) (quoting Melder v. Morris, 27 F.3d 1097, 1100 n.5 (5th Cir. 1994)) (internal quotation marks omitted). A Rule 12(e) motion may be used to challenge whether a complaint satisfies Rule 9(b). *See S.E.C. v. Petros*, No. 3:10-cv-1178, 2012 WL 386731, at *2 (N.D. Tex. Feb. 6, 2012).

The particularity Rule 9(b) demands, however, varies with the facts of each case. *See Lindsey*, 2009 WL 1704253 at *2. And Rule 9(b) must be read in light of the basic pleading philosophy set forth in Rule 8(b). *See Corwin v. Marney, Orton Investments*, 788 F.2d 1063, 1068 n.4 (5th Cir. 1986). "Thus, although Rule 9(b) calls for fraud to be pleaded with particularity, the allegations still must be as short, plain, simple, direct, and concise as is reasonable under the circumstances. Rule 9(b) should not be read so as to obliterate this basic pleading philosophy." *Id.* The Rule "is not intended . . . to procure punctilious pleading detail." *Brown v. Whitcraft*, No. 3:08-cv-0186, 2008 WL 2066929, at *3 (N.D. Tex. May 15, 2008).

### B. Requiring a More Definite Statement is Not Merited

Defendants' request for a more definite statement should be denied. Nowhere in their motion do Defendants set forth what is unintelligible about the First Amended Complaint. ECF 40. Nor do they identify any aspects of the pleading that are so devoid of facts as to render them unable to respond to it. *Id.* Rather, Defendants appear to present their Rule 12(b)(6) arguments as the rationale for why the Rule 12(e) motion should be granted, which is unavailing, as the Rules serve different purposes and therefore impose different requirements. *Id.* at 4. Thus, the instant motion reads as nothing more than a request for more detail, an attempt to encroach on discovery, and an effort to pin down Plaintiffs' theory of the case—all insufficient grounds upon which to move for a more definite statement.

In addition, it is clear that the pleading provides sufficient notice under Rule 8(a), even for the subjects Defendants specifically list in their 12(e) motion as necessitating greater elucidation—*i.e.*, (1) Defendants' roles in the alleged enterprise, (2) the predicate acts Defendants allegedly committed and when they occurred, (3) how the Plaintiffs were allegedly injured, and (4) how such alleged injury was proximately caused by Defendants alleged predicate acts. ECF 40 at 4-5.

Regarding Defendants' roles in the enterprise (1), the First Amended Complaint states their purpose is "to enrich Montelongo and his related entities and allies at the expense of the students, including the Plaintiffs herein" by selling their fraudulent real estate programs (ECF 37 at ¶ 17); that Montelongo owns the corporate Defendants — "corporate shells"—and acts through them (*id.* at ¶¶ 2, 13); and how Defendants use coercive and deceptive tactics (*id.* at ¶¶ 18-30) to sell worthless, dangerous real estate investing advice (*id.* at ¶¶ 31-32), engage in undisclosed self-interested dealings with the students (*id.* at ¶¶ 33-34), and expose the students to predation by Defendants' allies (*id.* at ¶¶ 35-36). Respecting predicate acts (2), the pleading identifies 30 instances of wire fraud (*id.* at ¶ 50(a)-(dd)) and 12 examples of inducing a person to travel in interstate commerce to defraud them of more than $5,000 (*id.* at ¶ 53(a)-(l)). Concerning Plaintiffs' injuries (3), the complaint describes the different types of monetary harm they suffered (*id.* at ¶¶ 38-44). And relating to proximate cause (4), the Plaintiffs' pleading explains:

> [They] are all victims of Defendants' fraudulent scheme who, as a result of Defendants' actions and omissions have suffered, continue to suffer, and will suffer into the foreseeable future damages and injuries. Each purchased one or more of the AMS foundation event, bus tour, master mentor, asset protection, market domination, and cash flow products; attended those events and attempted to employ the "advice" they received; and suffered financial injury as a result. . . .

*Id.* at ¶ 46; *see also id.* at ¶ 17.

Furthermore, the operative complaint's treatment of Defendants' alleged fraudulent conduct giving rise to Plaintiffs' RICO and negligent misrepresentation

5

claims satisfies Rule 9(b)'s particularity requirement. The pleading presents the circumstances that constitute fraud in detail, describing Defendants' fraudulent scheme (ECF 37 at ¶¶ 17-30); their misrepresentations about their "step-by-step methodical system [that] works in any financial market, at any given time" (*id.* at ¶¶ 14-15, 31); Defendants' use of false promises about educational content, fake success stories, and guarantees they do not intend to honor to upsell students (*id.* at ¶¶ 21-23); and their undisclosed self-dealing (*id.* at ¶ 33). Also, for each of the predicate wire fraud acts the First Amended Complaint identifies, it provides information about the speaker, date, location, title or nature of the communication, and how they furthered Defendants' scheme. *Id.* at ¶¶ 18, 50(a)-(dd). Finally, for each of the 12 predicate instances of fraud involving inducement to travel, the pleading sets forth the date of travel, origin state, destination state, and type of event attended for each. *Id.* at ¶ 53(a)-(l).

Because Plaintiffs' pleading does not present any intelligibility issues, comports with Rules 8(a) and 9(b), and thereby affords the Defendants sufficient notice to reasonably prepare a response, the more definite statement motion should be denied.

### C. Directing that a RICO Case Statement be Filed is Unwarranted

Plaintiffs do not deny that RICO case statements can be helpful. They note, however, that Rule 12(e) does not require them, and contend that ordering one be filed here is not warranted, since the pleading is intelligible, provides sufficient information for Defendants to respond pursuant to Rule 8(a), and satisfies the heightened standards of Rule 9(b). Moreover, nothing about the First Amended Complaint's presentation suggests a point-by-point pleading formula needs to be imposed.

The circumstances that led to the recommendation in *RedMeat Media v. Strategic America* that upon amending its complaint the plaintiff there be required to submit a RICO case statement are not present in this case. No. 13-ca-347, 2013 WL 12131904 (W.D. Tex. Nov. 21, 3013); ECF 40 at 5-7. The proposed amended pleading that gave rise to the *RedMeat* court's recommendation contained multiple deficiencies,

6

including noncompliance with Rules 8(a) and 9(b), despite being six times longer—amounting to 747 paragraphs—than the complaint it was to supersede.  *Id.* at *10-11.  The proposed amended complaint in *RedMeat* was so poorly drafted the court commented that "[it] is overly lengthy and very difficult to understand and, at best, conceals what might be necessary to state any given claim in a morass of irrelevances" and feared that allowing the plaintiff to amend its pleading without more direction would simply lead to "adding more warts to the hog [in a way that] still does not make it a dragon."  *Id.* (internal quotation marks and citations omitted).  The First Amended Complaint here in no way evinces the disastrous presentation of the proposed amended pleading at issue in *RedMeat* or supports imposing a pleading formula.

Rule 12(e) exists to ensure complaints provide notice sufficient to permit a defendant to respond, not to dictate the form of the plaintiff's pleading.  Plaintiffs' First Amended Complaint satisfies the Federal Rules, and Defendants' motion should be rejected.

## III.  CONCLUSION

For the foregoing reasons, the court should deny Defendants' request for a more definite statement, and, if it orders Plaintiffs to provide one, should not mandate a RICO case statement.

Dated: April 26, 2018    Respectfully submitted,


By:     s/ Christopher Wimmer
        Christopher Wimmer

SERNA & ASSOCIATES PLLC
Enrique G. Serna (State Bar No. 00178617)
20985 IH 10 West
San Antonio, Texas 78257
Phone: (210) 228-0095
Fax: (210) 228-0839
enrique@serna-associates.com

EMERGENT LLP
Christopher Wimmer (*pro hac vice*)
Peter Roldan (*pro hac vice*)
Jason Fisher (*pro hac vice*)
535 Mission St., 14th Floor
San Francisco, California 94105
Phone: (415) 894-9284
Fax: (415) 276-8929
chris@emergent.law
peter@emergent.law
jason@emergent.law

Attorneys for Plaintiffs CLAUDIA OCORO, ISRAEL ROSALES, DIANA ALVARADO HARRIS, CYNTHIA WOODS JONES, GALE JONES, et al.

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record listed below, who are deemed to have consented to electronic service, are being served this 26th day of April, 2018 with a copy of this document via the court's CM/ECF system per Local Rule CV-5.

Jason Davis
Santos Vargas
Davis & Santos, P.C.
719 S. Flores St.
San Antonio, Texas 78204
(210) 853-5882 (Telephone)
(210) 200-8395 (Facsimile)
jdavis@dslawpc.com
svargas@dslawpc.com

*Attorneys for Defendants Armando Montelongo, Jr., Real Estate Training International, LLC, Performance Advantage Group, Inc., and License Branding, LLC*

/x/ Christopher Wimmer

Christopher Wimmer